## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re Charles Brent Allen, | ) | |
| Debtor. | ) | |
| | ) | Chapter 11 |
| SMS Financial Recovery Services, LLC | ) | |
| | ) | Case No. 24-18092 |
| Plaintiff(s), | ) | Judge Deborah L. Thorne |
| | ) | Adv. Pro. 25-00028 |
| v. | ) | |
| | ) | |
| Falkor Group, LLC and Charles Brent Allen | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the court on the Defendant Debtor's motion to vacate the confessed judgment entered by the Circuit Court of Cook County. After reviewing the papers filed by the parties and consideration of their arguments, the court grants the motion to vacate the confessed judgment for the reasons discussed below.

### I.    Background

### A. Original Loan to Falkor Group, LLC

American Chartered Bank loaned Falkor Group, LLC ("Falkor") $300,000 in 2006, evidenced by a Promissory Note ("Note"). (Dkt. 1).[1]  At the same time, the Debtor, Charles Brent Allen, a member of Falkor, guaranteed repayment of the Note. The Guaranty Agreement ("Guaranty") contained a confessed judgment clause allowing an attorney to enter a judgment

---

[1]American Chartered eventually merged into Fifth Third Bank.  Fifth Third Bank sold several debts, including Falkor's debt, to SMS Financial Recovery Services, LLC ("SMS") in 2020. (Dkt. 1).  SMS, as purchaser of the claim, has pursued this action against Mr. Allen.

against Mr. Allen if the Note was not repaid. (Dkt. 1). The Guaranty did not state the amount guaranteed by Mr. Allen. Several years later, in August of 2009, Mr. Allen executed a mortgage on his residence in Wheeling, Illinois to secure the obligation under the Guaranty. The mortgage did not refer to the Guaranty or to the confessed judgment.

From 2007 to 2013, Falkor executed six additional agreements titled "Change in Terms Agreements" with American Chartered,[2] which typically extended the Note's maturity date and increased the principal balance owed. In August of 2010, American Chartered executed a Loan Modification and Forebearance Agreement ("Agreement") as Lender and Falkor as Borrower. Mr. Allen and a Benjamin S. Wilson signed the Agreement as guarantors. The Agreement reaffirmed several of the terms in the Note and Guaranty signed in 2006, including the principal amount of $415,869.68, plus accrued interest, advances, fees, and costs as of August 2, 2010. (Dkt. 1, Ex. H, ¶ 4). The Agreement does not contain a confessed judgment against Mr. Allen and did not incorporate the earlier Guaranty which contained the confessed judgment clause. The final Change in Terms Agreement, signed on November 30, 2013, extended the Note's maturity date to November 30, 2016 and decreased the principal balance on the Note to $247,898.09 (Dkt. 1). No additional guaranty documents were executed acknowledging the multiple change in terms for any of the Change in Terms Agreements. The final payment American Charter received from Falkor was shortly after the execution of the November 30, 2013 Change in Terms Agreement.

### B. Procedural History

On February 26, 2024, SMS, as the purchaser of the claim against Mr. Allen, filed a Verified Complaint for Confession of Judgment in the Circuit Court of Cook County seeking judgment against Mr. Allen. On March 12, 2024, SMS obtained an ex parte Order of Judgment

---

[2]The Complaint states that Change in Terms Agreements were executed by Falkor on May 17, 2007, October 29, 2007, October 29, 2008, January 29, 2009, and April 29, 2009.

by Confession for $538,811.60 plus attorney's fees (Dkt. 1).  On April 23, 2024, SMS's Motion to Transfer to the Post-Judgment Collection Division (Dkt. 1) was granted (Dkt. 1) and  the next day, SMS sent Citations to Discover Assets to Third Parties, including several banks.  On May 20, 2024, Mr. Allen received a Citation Notice informing him of the judgment against him. (Dkt. 1). In his Motion to Vacate Confessed Judgment, Mr. Allen says he first discovered the judgment against him "when he learned that his bank accounts had been frozen" sometime in April of 2024. (Dkt. 11).

Mr. Allen filed an emergency motion to vacate the confessed judgment in the Circuit Court of Cook County, which was granted on July 2, 2024 with the court entering an order to stay enforcement.  In  November  2024, SMS initatied a foreclosure action on Mr. Allen's home.  Mr. Allen alleges that the burden of defending the confessed judgment and the foreclosure action led him to seek protection under chapter 11 of the Bankruptcy Code in December 2024. (Dkt. 11).  On August 26, 2025, Mr. Allen filed a Motion in this court seeking an order holding that the confessed judgment was void and therefore should be vacated.  The parties have fully briefed the issue, and it is now ripe for decision.

## II.    Jurisdiction

On January 24, 2025, Mr. Allen removed the confessed judgment action to this court. (Dkt. 1).  SMS did not properly object to the removal, and under 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, the removal became final. (Dkt. 1).  Section 1452 allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334." 28 U.S.C. § 1452.  Rule 9027 outlines the procedure a party

must follow to properly remove a case. Fed. R. Bankr. P. 9027.  This court finds that Mr. Allen adhered to Rule 9027 and SMS received proper notice of the removal. (Dkt. 1).

SMS responded to the notice of removal with a Motion to Dismiss for, among other reasons, lack of subject matter jurisdiction.  SMS filed its Motion to Dismiss in the bankruptcy matter rather than the adversary proceeding. (24-18092, Dkt. 19).  SMS was notified by the court on February 26, 2025 that it must refile its motion in the proper proceeding. (24-18092, Dkt. 20).  SMS never refiled the Motion to Dismiss in the adversary and instead filed a response to Mr. Allen's Motion to Vacate Judgment of Confession where SMS failed to raise jurisdictional issues. (Dkt. 14).  By failing to properly object to the Notice of Removal, SMS has consented to this court's jurisdiction.

Even if SMS had properly objected, this court finds that it has subject matter jurisdiction to determine the validity of the confessed judgment.  Bankruptcy courts "may hear and determine . . . all core proceedings arising under title 11." 28 U.S.C. § 157.  The validity of the confessed judgment is a core proceeding under section 157.  Disposition is necessary to determine what is included in Mr. Allen's bankruptcy estate.  This court must also decide whether the confessed judgment is valid to determine whether SMS has a claim against Mr. Allen's estate.

More importantly, as explained below, this court finds that the confessed judgment is void. Under the Federal Rules of Civil Procedure, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void." Fed. R. Civ. Pro. 60(b)(4).  Under the Federal Rules of Bankruptcy Procedure, Rule 60 of the Federal Rules of Civil Procedure applies in a bankruptcy case. Fed. R. Bankr. P. 9024(a). This court has jurisdiction to determine the validity of the confessed judgment.

### III.   Discussion

### A.  Confessed Judgments Are Valid Under Illinois Law.

A confessed judgment is an "ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." *D. H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972).  As a preliminary matter, confessed judgments are authorized under section 5/2-1301(c) of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1301(c).  Subsection c states that "any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process." *Id*.  The Supreme Court of Illinois recognizes the constitutionality of confessed judgments.  *First Nat. Bank in DeKalb v. Keisman*, 265 N.E.2d 662, 663 (Ill. 1970). The United States Supreme Court has also held confessed judgments constitutional provided that a party "voluntarily, intelligently, and knowingly waive[s] the rights it otherwise possessed to prejudgment notice and hearing, and that it did so with full awareness of the legal consequences." *Frick Co.*, 405 U.S. at 187.

### B.  Confessed Judgments Are Strictly Construed Against the Party Seeking to Enforce Liability.

Courts examining the validity of a confessed judgment view them in the light most favorable to the judgment debtor.  *Grundy Cnty. Nat. Bank v. Westfall*, 275 N.E.2d 374, 375 (Ill. 1971).  "The power to confess a judgment must be clearly given and strictly pursued, and a departure from the authority conferred will render the confessed judgment void." *Id*. (citing *Wells v. George W. Durst Chevrolet Co.,* 173 N.E. 92, 94 (Ill. 1930)).  Due to the "severity of the summary proceeding" of a confessed judgment in that the "party granting such authority deprives himself of all defenses and delay of execution and places his cause in the hands of a hostile defender," the power to confess judgment is construed "against the party in whose favor the power

operates." *Bottalla v. Serpe*, 2024 IL App (1st) 231779-U, ¶ 27 (citing *Oakland Nat. Bank v. Tomei*, 574 N.E.2d 1362, 1363 (Ill. App. Ct.1991)); and *see Ninow v. Loughnane,* 431 N.E.2d 1267, 1271 (Ill. App. Ct. 1981). Courts must carefully examine confessed judgments to ensure that this harsh remedy is fairly granted.

For a confessed judgment to be valid, "[t]he extent of the liability undertaken must be ascertainable from the face of the instrument in which the warrant is granted." *Grundy Cnty. Nat. Bank,* 275 N.E.2d at 375. Confessed judgments "must be for a fixed and definite sum, and not in confession of a fact that can only be established by testimony outside of the written documents, required by the statute to be filed in order to enter up a judgment by confession." *Id*. (citing *Weber v. Powers*, 72 N.E. 1070, 1074 (Ill. 1904); and *see Little v. Dyer*, 138 Ill. 272, 278, 27 N.E. 905, 906 (Ill. 1891).

In what appears to be the leading Illinois case, Grundy County National Bank sought to secure a confessed judgment against Beth Westfall. Previously, at the request of her husband, Mrs. Westfall signed a loan guaranty containing a confessed judgment in favor of Grundy County National Bank. Based on her guaranty, the bank eventually obtained a confessed judgment against her, requiring her to pay back the loans. The guaranty agreement, however, did not "include the date, the name of the debtor, the name of the bank, and the limitation or extent of liability assumed." 275 N.E. 2d at 375. The Illinois Supreme Court found the confessed judgment void "as the warrant of attorney upon which it was confessed was not legally sufficient." *Id*. The confessed judgment was void because it did not state the amount that was being guaranteed and to determine the extent of the liability, the parties would be required to look to other documents to determine the amount owed. *Id*. at 376.

SMS cites several Illinois Appellate Court decisions, none of which distinguish *Grundy*, to support its contention that liability on the Allen Guaranty may be found through other documents and need not rely on the actual guaranty as held in *Grundy. Fin. Mgmt. Servs., Inc. v. Sibilsky & Sibilsky, Inc.*, 474 N.E.2d 1297, 1304 (Ill. App. Ct. 1985).   Although the *Sibilisky* court cites *Grundy,* it  fails to explain how the confessed judgment is valid when the parties must consult additional documents to determine the extent of the guaranteed amount.   This court will follow Illinois law as set forth by the Illinois Supreme Court and finds that if the guaranty, which is the basis of the confessed judgment, does not state the amount that is being guaranteed within the four corners of the guaranty, the confessed judgment is void. *See Grundy Cnty. Nat. Bank,* 275 N.E.2d at 376.

In this case, the court must look beyond the four corners of Mr. Allen's Guarant to ascertain his liability.   Like the guaranty in *Grundy*, the Mr. Allen's Guaranty does not include the date, the limitation, or extent of liability. (Dkt. 11).   At the top of the Guaranty, there are spaces for the Principal, Loan Date, Maturity, Loan No, Cellphone, Account, Officer, and Initials.   The only spaces completed are the Cellphone, Account, and Officer but, notably, the extent of the guaranty is not stated.   As such, the court cannot determine the extent of Mr. Allen's liability from the face of the document purporting to create liability.

SMS argues that the promissory note, loan documents, and Change in Terms Agreements, all of which Mr. Allen signed, include the amount owed. (Dkt. 17).   SMS states that the loan number on the upper left corner of the page of the Guaranty matches the loan number on the Note and Change in Terms Agreements, both of which state the extent of Mr. Allen's liability, and "provide all information required for a valid confession of judgment under Illinois law." (Dkt. 17).

SMS essentially argues that the Guaranty, Note, and Change in Terms Agreements should be incorporated by reference because the loan number in the top left corner of each page is the same.

It is possible that, in certain instances, additional documents may state that they incorporate other agreements, but under Illinois law, "there must be an express intent to incorporate." *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 715 (7th Cir. 2019). "Mere reference to another contract or document is not sufficient to incorporate its terms into a contract." *Id*. Over the years, both the amount Falkor owed and the interest rate charged changed many times. The Guaranty signed in 2006 did not state an amount certain and certainly did not equate to the amount owed by Falkor thoughout the many agreements. The simple fact that the loan number was on certain documents does not equate to the Illinois requirement that the amount of the guaranty be stated on the document containing the confessed judgment.[3]

### C. Mr. Allen Properly Challenged the Confessed Judgment.

A defendant may challenge the confessed judgment several ways under Illinois law. A defendant may move to open the confessed judgment under Supreme Court Rule 276, move to vacate under 735 ILCS 5/2-1301(e) within 30 days after entry, move to vacate under 735 ILCS 5/2-1401 within two years after entry, or seek a declaration that the judgment is void from its inception. *Charles v. Gore*, 618 N.E.2d 554, 560 (Ill. App. Ct. 1993).

Mr. Allen chose to challenge the confessed judgment under 735 ILCS 5/2–1401, moving to vacate the judgment within two years after entry. (Dkt. 1). *Bottalla v. Serpe*, 2024 IL App (1st) 231779-U, ¶ 21 ("Moving to vacate a judgment by confession pursuant [to] section 2-1401 within

---

[3]Moreover the fact that because the Guaranty and its confessed judgment were not incorporated into the Change in Terms Agreements and other documents, even SMS was not sure of the amount owed as it had to file three separate proofs of claim in this case, each with a different claimed amount. Each Proof of Claim was for an increasingly lower amount. In short, on the face of the Guaranty, by SMS's own calculations and Proofs of Claim, it is not possible to ascertain the amount Mr. Allen owed.

two years of the entry of the judgment is one of the five recognized ways a defendant may challenge a judgment by confession."). Mr. Allen challenged the confessed judgment within 60 days after he became aware of it and 100 days after SMS obtained the judgment.

SMS incorrectly argues that Mr. Allen's only choice to vacate the judgment is through Illinois Supreme Court Rule 276, although it cites no authority to support its position. Clearly Illinois recognizes several ways to vacate the judgment and furthermore, a void judgment may be attacked at any time, directly or collaterally. *R.W. Sawant & Co. v. Allied Programs Corp.*, 489 N.E.2d 1360, 1363 (Ill. 1986).

### D. Defendant's Motion to Vacate Was Filed Diligently and Promptly Under 735 ILCS 5/2-1401.

SMS, relying on *Lyons Bros. Lumber & Fuel Co. v. Shepherd*, 400 N.E.2d 975 (1980) argues that Mr. Allen was required to file the motion to vacate diligently and prompty. In *Shepherd,* the court held that the borrower's *ten-month delay* in filing a motion to vacate a confessed judgment was not diligent nor prompt. *Id*. at 977. (Dkt. 17). But in another situation where the defendant delayed two months to file a motion to vacate the confessed judgment, the Illinois Appellate Court held that the defendant did not lack due diligence in light of the fact that the plaintiff waited six years prior to enforcing the confessed judgment after default. *Kuh v. Williams*, 301 N.E.2d 151, 153 (Ill. App. Ct. 1973).

Much like the defendant in *Kuh*, Mr. Allen waited two months to file his Motion to Vacate. SMS filed its Complaint for Confession of Judgment on February 26, 2024, and the Order of Judgment by Confession was entered on March 12, 2024. (Dkt. 1). Mr. Allen filed his Motion to Vacate Confession of Judgment on June 27, 2024 after becoming aware of the judgment. (Dkt. 1). In his Motion to Vacate the Confession of Judgment, Mr. Allen notes he discovered the confessed

judgment after his bank accounts were frozen in April  2024 and after investigation, he discovered SMS's confessed judgment. (Dkt. 11).

Mr. Allen's banks received Citations to Discover Assets pursuant to the confessed judgment on April 24, 2024. (Dkt. 1).  This means Mr. Allen could not have received any type of notice until late April, a fact SMS recognizes in its Response to Motion to Vacate. (Dkt. 17).  Also, like *Kuh*, SMS waited several years to enforce the Allen Guaranty.  Mr. Allen diligently moved to vacate the confessed judgment shortly after he became aware of its existence and certainly complied with 735 ILCS 5/2–1401 by moving to vacate within two years.

### IV.    Conclusion

The motion to vacate the confessed judgment is granted.  Mr. Allen complied with the Illinois Code of Procedure by filing his motion to vacate well within two years of the date of judgment.  The confessed judgment based upon the Guaranty was void from the beginning as the four corners of the Guaranty did not contain the amount that was being guaranteed.

Date:  __November 24, 2025__

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge